UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIARA DORSET,

                Plaintiff,

   v.

UNITED HEALTHCARE SERVICES, INC.,

                Defendant.

Civil Action No. 23-21749 (JXN)(JRA)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court by way of Defendant United HealthCare Services, Inc.'s ("Defendant") motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (ECF No. 5.) Plaintiff Kiara Dorset ("Plaintiff") opposed the motion (ECF No. 9), and Defendant replied in further support (ECF No. 12). The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to compel arbitration is **DENIED without prejudice**.

**I.    BACKGROUND**

    Plaintiff, a New Jersey resident, is a former employee of Defendant, a Minnesota-based corporation. (*See* Complaint ("Compl.") ¶ 1, ECF No. 1-1; Declaration of Susan Weedman ("Weedman Decl.") ¶ 4, ECF No. 5-5.) Plaintiff began working for Defendant in August 2022 as a remote Customer Service Advocate. (Compl. ¶ 3.) Plaintiff's scheduled work hours were 9:30 a.m. to 5:30 p.m. (Compl. ¶ 10.) Plaintiff was employed on an at-will basis. (Weedman Decl. ¶ 6-7.)

In late January 2023, Plaintiff learned she was pregnant. (Compl. ¶ 5.) She was admitted to the hospital three times in connection with her pregnancy. (Compl. ¶ 6.) Plaintiff went on a paid leave of absence from February 14, 2023, to April 6, 2023. (Compl. ¶ 7.) Upon her return to work, Plaintiff explained to her supervisor, Mellissa Nicholson ("Nicholson"), that her pregnancy was high-risk, and she would need to attend occasional appointments. (Compl. ¶ 8.) Plaintiff claims she always provided advance notice of her appointments. (Compl. ¶ 9.) Plaintiff contends that Nicholson unreasonably asked Plaintiff to schedule appointments after 5:30 p.m. (Compl. ¶ 11.)

On May 12, 2023, Plaintiff was scheduled to undergo a surgical procedure for her cervix. (Compl. ¶ 12.) Plaintiff was expected to be out of work until Wednesday, May 17, 2023, due to the procedure. (Compl. ¶ 13.)

When Plaintiff returned to work on May 17, 2023, she provided Defendant with a doctor's note excusing her absence. (Compl. ¶ 14.) Nicholson initiated a video call with Plaintiff that same day. (Compl. ¶ 15.) During the call, Nicholson advised Plaintiff that her employment was terminated due to her absences. (Compl. ¶ 16.) Nicholson claimed that Defendant provided only one day per month for absences. (Compl. ¶ 17.) Plaintiff alleges that Defendant's termination of her employment reveals pregnancy discrimination and retaliation against Plaintiff for her absences due to medical appointments in connection with her pregnancy. (Compl. ¶ 18.)

On or about September 25, 2023, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Union County. (*See* Complaint ("Compl."), ECF No. 1-1.) The Complaint asserts two causes of action: Pregnancy Discrimination/Failure to Accommodate (Count I) and Retaliation (Count II) in violation of the New Jersey Law Against Discrimination ("NJLAD"), as amended by the Pregnant Workers Fairness Act, N.J.S.A. 10:5-1, *et seq*. (Compl. ¶¶ 19-32.) Plaintiff seeks compensatory, liquidated, and punitive damages, lost

wages, including back pay and front pay, pain and suffering, emotional distress damages, punitive damages, attorneys' fees, costs of suit, and pre-and post-judgment interest. (Compl. ¶¶ 25, 32.)

On November 1, 2023, Defendant removed the action to this Court. (Notice of Removal, ("NOR"), ECF No. 1.)

On November 22, 2023, Defendant filed the instant motion to compel arbitration, claiming that Plaintiff signed and received documents requiring her to arbitrate claims arising from the parties' employment relationship. (ECF No. 5-1 at 7-12; Weedman Decl. ¶¶ 10-11, Ex. A, Employment Arbitration Agreement, ECF No. 5-6.) Defendant contends that prior to commencing her employment, Plaintiff executed an Employment Arbitration Policy through which Plaintiff agreed, as a condition of her employment, to arbitrate all claims arising from her employment with Defendant. (*See* ECF No. 5-1 at 8-9.) Specifically, Defendant claims that Plaintiff assented to the Arbitration Policy, which covers "all claims" related to her employment with Defendant, including her claims in this action. (ECF No. 5-1 at 3.) Plaintiff opposed the motion on several grounds. (ECF No. 9), and Defendant replied in further support (ECF No. 12).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") "establishes a strong federal policy in favor of compelling arbitration over litigation." *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 396 (3d Cir. 2020) (quoting *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000)). Before compelling arbitration pursuant to the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). A court is required to order that the parties proceed with arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith

3

is not in issue." 9 U.S.C. § 4. By contrast, "[i]f a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999). "When the very existence of ... an [arbitration] agreement is disputed, a district court is correct to refuse to compel arbitration until it resolves the threshold question of whether the arbitration agreement exists." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 775 n.5 (3d Cir. 2013). Nevertheless, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

When a Court is asked to decide whether a valid arbitration agreement exists, it must first determine whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Guidotti*, 716 F.3d at 776. "[W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti,* 716 F.3d at 776 (quoting *Somerset Consulting, LLC v. United Cap. Leaders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). Further, even where an agreement to arbitrate is not explicitly mentioned on the face of the complaint and is not attached as an exhibit to the complaint, a court may properly consider the agreement under Rule 12(b)(6) if it is integral to or explicitly relied upon in the complaint or has been incorporated by reference into the complaint based on a plaintiff's allegations. *See CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) and *George v. Midland Funding, LLC*, No. 18-15830, 2019 WL 2591163, at *3 (D.N.J. June 25, 2019).

The Third Circuit has provided that it is inappropriate to consider a motion to compel arbitration under a Rule 12(b)(6) standard in two instances: (i) if "the complaint and its supporting

documents are unclear regarding the agreement to arbitrate," or (ii) "if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti*, 716 F.3d at 776. Under either scenario, "the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Id.* at 774. "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id.*; *see also Discovery House v. Advanced Data Sys. RCM, Inc.*, No. 19-21602, 2020 WL 6938353, at *4 (D.N.J. Nov. 25, 2020).

### III. DISCUSSION

Defendant's motion must be denied under the Third Circuit's two-tiered framework for assessing motions to compel arbitration. Under that framework, a court must ensure that (1) a valid agreement to arbitrate exists and (2) the dispute falls within the agreement's scope. *See Kirleis, P.C.*, 560 F.3d at 160. Defendants' motion fails at the first step.

Here, the Complaint contains no reference to the arbitration agreement; it does not attach the agreement or any related documents as exhibits; and Plaintiff's NJLAD and retaliation claims are not based on the existence of the arbitration agreement. (*See* Compl.) Thus, the Complaint does not explicitly rely on the Arbitration Agreements. *See Lepore v. SelectQuote Ins. Servs.*, No. 22-3390, 2023 WL 8469761, at *2 (3d Cir. Dec. 7, 2023) ("The Complaint does not explicitly mention or cite the Agreement, which therefore is not 'explicitly relied upon' in the Complaint."); *see also Hubbard v. Comcast Corp.*, No. 18-16090, 2019 WL 2866067, at *2 (D.N.J. July 3, 2019) (declining to apply Rule 12(b)(6) where the complaint neither referenced the arbitration agreement nor attached it as an exhibit to the complaint and finding that plaintiffs' NJLAD claim did not stem from the existence of an arbitration agreement). Instead, the arbitration agreement was filed for

5

the first time in connection with Defendant's motion to compel arbitration. (*See* Declaration of Susan Weedman ("Weedman Decl."), Exhibit A, Employment Arbitration Policy, ECF No. 5-6.) Thus, "[u]nder *Guidotti's* first pathway, ... the affirmative defense of arbitrability ... is [not] apparent on the face of [the] Complaint, making application of Rule 12(b)(6) inappropriate in this case." *See Horton v. FedChoice Fed. Credit Union*, 688 F. App'x 153, 157 (3d Cir. 2017) (internal quotations omitted). In this situation, courts routinely deny motions to compel arbitration and allow limited discovery on the issue of arbitrability.[1] The Third Circuit has explained that discovery is necessary under such a scenario because "[w]ithout the benefit of a developed factual record," a court cannot assess whether the authenticity or import of the arbitration agreement at issue "are factual matters beyond reasonable dispute." *Horton*, 688 F. App'x at 157.

At this stage, the Court need not reach step two of the *Guidotti* inquiry, namely whether Plaintiff has put forth credible evidence that he is not bound by the Arbitration Agreement. *See Guidotti*, 716 F.3d at 774 ("The second scenario will come into play when the complaint and incorporated documents facially establish arbitrability, but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue."). Rather, because the issue of arbitrability requires this Court to examine documents extraneous to the pleadings that were attached to Defendant's motion to compel arbitration, the Rule 56 standard should apply, and limited discovery is appropriate on the narrow issue of whether an arbitration agreement exists before the Court can resolve Defendants' motion

---

[1] *See, e.g., Vinella v. United Ins. Co. of Am.,* No. CV230351ESMAH, 2023 WL 8926990 (D.N.J. Dec. 27, 2023); *Young v. Experian Info. Sols., Inc.,* No. CV233312MASRLS, 2023 WL 7002338 (D.N.J. Oct. 23, 2023); *Hubbard v. Comcast Corp.,* No. 18-16090, 2019 WL 2866067, at *2 (D.N.J. July 3, 2019); *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-cv-4415, 2019 WL 2083302, at *7 (D.N.J. May 13, 2019); *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-cv-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No. 17-cv-0756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017); *Nicasio v. Law Offices of Faloni & Assocs., LLC*, No. 16-cv-0474, 2016 WL 7105928, at *2 (D.N.J. Dec. 5, 2016); *Laudano v. Credit One Bank,* No. 15-cv-7668, 2016 WL 3450817, at *5 (D.N.J. June 22, 2016); and *Ross v. CACH, LLC,* No. 14-cv-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015).

under Rule 56. *See, e.g.*, *Guidotti*, 716 F.3d at 776; *Horton*, 688 F. App'x at 157; *Nicasio*, 2016 WL 7105928, at *2. After the necessary discovery is complete, Defendant may submit arbitrability arguments in a motion for summary judgment pursuant to Rule 56.

Accordingly, Defendant's motion to compel is denied without prejudice to afford the parties the opportunity to engage in limited discovery on the issue of arbitrability. The parties shall engage in limited discovery only on the issue of arbitrability within sixty (60) days. Defendant may thereafter file a renewed motion to compel arbitration to be reviewed pursuant to the Rule 56 standard.

## IV. CONCLUSION

For the foregoing reasons, Experian's motion to compel arbitration is **DENIED without prejudice**. The parties are to engage in discovery on the narrow issue of whether an agreement to arbitrate exists. Discovery shall be concluded no later than September 6, 2024. Defendant is permitted to re-file its motion following the completion of limited discovery. An appropriate Form of Order accompanies this Opinion.

**DATED**: July 8, 2024

_____
**JULIEN XAVIER NEALS**
**United States District Judge**